UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Toni A. Morgan,

                Plaintiff,

-vs-                                      Case No.   2:11-cv-615-FtM-29SPC

Michael J. Astrue, Commissioner of Social
Security,

                Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Commissioner of Social Security's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to the Defendant (Doc. # 16), filed on February 23, 2012. Defendant, Commissioner of Social Security, moves this Court to enter a judgment with a remand of the cause to the Commissioner for further action. Plaintiff's Counsel has been informed of this motion and has no objections to the terms of the motion. Thus, this motion is now ripe for review.

Under Title 42, U.S.C., Section 405(g), a Court may remand a decision to an ALJ. The Social Security Act reads in pertinent part, "the Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." See Shalala v. Schaefer, 509 U.S. 292 (1993); Melkonyan v. Sullivan, 501 U.S. 89 (1991).

---

[1] Consent Form (Doc. # 15) was signed by the Parties indicating their agreement for jurisdiction in this matter to be exercised by the United States Magistrate Judge. The Parties' consent was approved by the District Court on

In this instance, Defendant states that a remand to the ALJ would be proper to weigh the opinion of Rosario Alcera, M.D., in accordance with the rulings and regulations of this Court. Further, Defendant claims that the ALJ should either accept the opinion of treating physician, John Kagan, M.D., or provide substantial reasons for rejecting this opinion. Additionally, the ALJ must hold an evidentiary hearing and require a vocational expert (VE) to address hypothetical questions which include Plaintiff's specific exertional and non-exertional limitations. The VE should also testify at hearing as to the availability of work in the national and regional economy that is consistent with Plaintiff's residual functional capacity, age, education, and prior work experience. Lastly, the ALJ should write a new decision that includes his findings on Plaintiff's ability to perform work identified by the VE.

In accordance with Local Rule 3.01(g), Defendant has conferred with opposing counsel and stated in his motion that Plaintiff does not oppose the relief requested. As it is within the discretion of the Court to allow remand of this case, this Court finds good cause to grant Defendant's motion.

Accordingly, it is now

**ORDERED:**

The Defendant Commissioner of Social Security's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to the Defendant (Doc. # 16) is **GRANTED**.

(1)　　This case is hereby **REMANDED** to the Commissioner for consideration of the issues delineated in the body of this Order.

---

February 29, 2011. (Doc. # 18). Therefore, the Court's ruling shall reflect a final judgment in this Order.

(2)     The Clerk of the Court is directed to enter judgment accordingly and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of March, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record