UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DERICK SWARTS, substituted party
for TONI A. MORGAN,**

  **Plaintiff,**

**V.**              **Case No: 2:11-CV-615-FtM-SPC**

**COMMISSIONER OF SOCIAL
SECURITY**

  **Defendant.**

_____/

## ORDER

  This matter comes before the Court on Plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #23) filed on April 27, 2012. The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On March 1, 2012, the Court issued an Order granting Defendant's Unopposed Motion for Entry of Judgment and Remand and remanded the Commissioner of Social Security's decision (Doc. #19) under sentence four of 42 U.S.C. § 405(g). The Judgment was entered on March 1, 2010.

  In order for the Plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA) the following five (5) conditions must be established: (1) the Plaintiff must file a timely application for attorney's fees; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not

1

have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner INS, v. Jean, 496 U.S. 154, 158 (1990). The Court concludes that all five conditions of the EAJA have been met and the Defendant does not oppose the Court's findings.

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). There is a strong presumption that the resulting fee is reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

Determination of the hourly rate is a two-step process. First, the Court determines the prevailing market rate; then if the prevailing market rate exceeds $125.00 per hour the Court determines whether to adjust the hourly rate. Meyer v. Sullivan, 958 F.2d 1029, 1033-1034 (11th Cir. 1992). The prevailing market rates must be determined according to top rates customarily charged for similarly complex litigation, and are not limited to rates normally charged in Social Security cases. Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985).

In this case, Plaintiff seeks $1,535.36 and has submitted the following computation of fees:

| Name | Time | Rate | Total |
|---|---|---|---|
| Jonas H. Kushner | 8.6 hours | $178.53 an hour | $1,535.36 |

In Reeves v. Astrue, 526 F.3d 732, 735–738 (11th Cir.2008), the Eleventh Circuit found that the EAJA statute unambiguously directs an award of attorney's fees to the party and not the party's

attorney, but declined to address arguments regarding an offset of a federal debt. Id. at 738. In Astrue v. Ratliff, 130 S.Ct. 2521, 2526-27, 177 L. Ed. 2d 91 (2010), the United States Supreme Court affirmed the line of cases finding that EAJA fees are payable to litigants, not counsel, and further found that the fee award is subject to offset where a litigant has outstanding federal debts.

The Court finds that $178.53 per hour is a reasonable rate for the Fort Myers, Florida region and that 8.6 hours is a reasonable amount of time spent on the file. Therefore, good cause exists to pay the fees under the Equal Access to Justice Act. Furthermore, the costs and payment of fees is reasonable and allowable under the EAJA.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #23) is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$1,535.36**.

(2) The Clerk of Court is directed to enter an Amended Judgment awarding the Plaintiff $1,535.36 in attorney's fees.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th Day of May, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record